UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LOIS SPICUZZA,

    Plaintiff,                              NO.

v.                                             HON.

SPARTANNASH COMPANY,

    Defendant.

---

Anne Buckleitner (P59832)
Nathaniel E. Harrington (P74782)
Conybeare Law Office, P.C.
519 Main Street
St. Joseph, MI   49085
(269) 983-0561
Anne@ConybeareLaw.com
Nate@Conybearelaw.com

---

**COMPLAINT AND JURY DEMAND**

Plaintiff states:

**Jurisdiction and Parties**

1. This is an action for age discrimination arising out of Lois Spicuzza's ("Plaintiff's) employment relationship with SpartanNash Company ("Defendant"), pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 USC § 621 et seq., as well as the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

2. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(4), and 1367.

3. Plaintiff is a resident of the State of Michigan and County of Kent.

4. Throughout the period of events giving rise to this Complaint, Plaintiff was more than 40 years of age. 29 USC § 631(a).

5. Defendant is a corporation having 20 or more employees and maintaining its principal place of business in the Western District of Michigan in Kent County, and is subject to the jurisdiction of this court. 29 USC § 630(b).

6. The events giving rise to this cause of action occurred in the Western District of Michigan.

7. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

**Background Facts**

8. Plaintiff began her employment with Defendant's predecessor entity in 2007 as a Fixed Asset Accountant (Accountant II).

9. During her employment with Defendant, Plaintiff received many awards and performance-based raises.

10. In the Fall of 2014 Spartan merged with NashFinch to become SpartanNash, and Plaintiff's position was removed to Minnesota.

11. In lieu of relocation, Plaintiff successfully interviewed for and received the Michigan-based position of Retail Accounting Supervisor with five direct reports.

12. In Spring 2018 Plaintiff was assigned three additional direct reports and, following a 90 day evaluation, was given a substantial raise based upon both her increased responsibilities and good work performance.

13. Plaintiff reported to a Director who was approximately the same age as Plaintiff.

14. In November 2018 the Director to whom Plaintiff reported was eliminated and Plaintiff was assigned to report to a different Director, Tyler King, who was in his thirties.

15. Another peer, Supervisor Lindsey Spellman, who was also in her thirties, also reported to Director King.

16. Director King and Supervisor Spellman collaborated closely to the exclusion of Plaintiff.

17. In late January 2019 Lindsey Spellman was promoted to Manager.

18. On May 22, 2019, Plaintiff was advised by Human Resources that one of her direct reports had complained about Manager Spellman's managerial style.

19. Human Resources interviewed Plaintiff about the workplace environment under Manager Spellman, and Plaintiff responded honestly and without malice to the questions put to her.

20. No disciplinary or adverse employment action was taken against the younger person who had made the complaint to Human Resources, but was taken against Plaintiff.

21. On or about May 31, 2019, nine days after being contacted by Human Resources, Plaintiff was told by Manager Spellman and Human Resources that she had a choice of either being terminated or taking a demotion with a $12,000 pay cut.

22. Plaintiff chose to take a demotion with pay-cut.

23. For the next 90 days Plaintiff was targeted, bullied, and derided by Manager Spellman and Director Tyler.

24. Manager Spellman also gave Plaintiff responsibility for a ledger account that had been previously handled by Manager Spellman.

25. Plaintiff found that Manager Spellman's old ledger account could not be balanced without background explanation from Manager Spellman, but Manager Spellman would or could not adequately answer Plaintiff's questions, and subsequently characterized these encounters as "unsuccessful training."

26. Manager Spellman and Director King vigorously and incorrectly asserted that Plaintiff had deficient performance and derided her verbally throughout the corporation, causing Plaintiff great embarassment.

27. Spellman's and King's comments to Plaintiff included that "this is a new world," that she was "no longer a good fit for the department," that the role was "too much" for Plaintiff, and that Manager Spellman could not trust anything that came from Plaintiff, due to Plaintiff's inability to balance Manager Spellman's old ledger account.

28. In June 2019, in an effort to distance herself from Manager Spellman, Plaintiff applied for a different position in Defendant's "Treasury" area.

29.  Plaintiff had the skills, experience, background, and qualifications for the work in the Treasury position.

30. Despite being well qualified, Plaintff was not selected for the Treasury position.

31. Chris Fink of Human Resources told Plaintiff that despite her qualifications she had not been selected for the Treasury job because she "was at a different point in her career" and that the company was concerned about "succession planning" due to the Assistant Treasurer's apparent interest in retiring in approximately five years.

32. The Treasury vacancy was filled by a substantially younger outside candidate.

33. On September 3, 2019, Director King and Manager Spellman advised Plaintiff that if she did not voluntarily quit that day, she would be given 30 days to improve under a Performance Improvement Plan, and could be terminated in 30 days, or could be continued.

34. Plaintiff chose to stay on for 30 days with the hope of being continued.

35. Plaintiff filed a complaint of age discrimination with the EEOC that evening.

36. On Saturday September 7, 2019, Plaintiff called Traci Donnely, the Director of Human Resources in Grand Rapids, and informed her of the workplace difficulties she was having under Manager Spellman and Director King, as well as that she had applied for the Treasury position but not been selected for the reasons provided by Chris Fink, and that she believed were 'code' for being too old.

37. The Director of Human Resources listened, did not directly respond to Plaintiff's comment about age discrimination, and encouraged her to look for other opportunities in the organization.

38. On Monday, September 9, 2019, Manager Spellman and Director King called Plaintiff into a meeting and terminated her summarily.

39. Two days after Plaintiff's termination, SpartanNash announced they had hired a replacement for Plaintiff's former supervisory position reporting to Manager Spellman.

40. Plaintiff's replacement was around thirty years of age.

41. Throughout the course of her employment with Defendant, Plaintiff performed her job duties in a manner that was satisfactory or better.

42. At the time of her termination by SpartanNash, Plaintiff was 58 years old and was by far the oldest member on her team.

43. Plaintiff timely filed a charge of age discrimination with the Equal Employment Opportunity Commission and brings this action within 90 days of receiving her December 17, 2019 notice of right to sue.

## Count I
## Age Discrimination in Employment Act of 1967  (ADEA)
## 29 U.S.C. 621 *et seq.*

Plaintiff incorporates by reference paragraphs 1 through 43.

44. At all material times, Defendant was an employer, covered by and within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 USC 621 *et seq*.

45. But for Plaintiff's age, Defendant would not have subjected to the wrongful and discriminatory treatment described above, and including  but not limited to disparate treatment, hostile work environment based upon age, and retaliation.

46. Defendant, by its agents, representatives, and employees, acted willfully, with reckless disregard to whether its conduct was prohibited by the ADEA.  29 USC 626 (B).

47.  As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant as follows:

   a. a judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

   b. liquidated damages;

    c. compensatory damages in whatever amount she is found to be entitled;

    d. an award of interest, costs, and reasonable attorney fees

    e. an injunction prohibiting any further acts of retaliation or discrimination

    f. whatever other equitable relief appears appropriate at the time of trial

**Count II Age Discrimination –
The Michigan Elliott-Larsen Civil Rights Act (ELCRA)
MCL 37.2101** *et seq*.

Plaintiff incorporates by reference paragraphs 1 through 47.

48. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 et seq.

49. Plaintiff had skills, experience, background, or qualifications comparable or superior to those of the employees who were retained or hired in her stead.

50. Plaintiff's age was at least one factor that made a difference in Defendant's employment treatment of, failure to retain, and termination of Plaintiff.

51. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

52. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, subjected her to a hostile work environment based upon age, and retaliation.

54. Defendant's actions were intentional and in disregard of Plaintiff's rights.

55. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; and humiliation and embarrassment;

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant as follows:

    a. compensatory damages in whatever amount above $25,000 she is found to be entitled;

    b. exemplary damages in whatever amount above $25,000 she is found to be entitled;

    c. an award of lost wages and the value of fringe benefits, past and future;

    d. an award of interest, costs, and reasonable attorney fees;

    e. an order enjoining Defendant, its agents, representatives, and employees from further acts of discrimination or retaliation;

    f. whatever other equitable relief appears appropriate at the time of final judgment.

**Conybeare Law Office, PC**

Dated:  March 5, 200

By: */s /  Anne Buckleitner*
Anne Buckleitner (P59832)
Nathaniel E. Harrington (P74782)
Attorney for Plaintiff
519 Main Street
St. Joseph, MI   49085
(269) 983-0561

## JURY DEMAND

Plaintiff by and through her attorneys, Conybeare Law Office, P.C., hereby demands a trial by jury in the above captioned matter.

**Conybeare Law Office, PC**

Dated: March 5, 2020

By: */s / Anne Buckleitner*
Anne Buckleitner (P59832)
Nathaniel E. Harrington (P74782)
Attorney for Plaintiff
519 Main Street
St. Joseph, MI   49085
(269) 983-0561